Brennan, J.
This is an action of conversion in which George L. Dufault (hereinafter referred to as plaintiff) seeks to recover $14,980.00 from Paul R Dufault (hereinafter referred to as defendant). The defendant fled an answer to plaintiff s complaint and a motion to dismiss pursuant to Mass. R Civ. P., Rule 12(b) (6) accompanied by an affidavit of Betty Coulter and an affidavit of John Rivard. The plaintiff filed a counter affidavit of George L. Dufault. On November 28, 1990, the court granted the defendant’s motion to dismiss but treated it as a motion for summary judgment. In allowing defendant’s motion to dismiss, the court stated that the “sole basis for the dismissal was that the plaintiff s right of possession did not take place until Gaston R Dufault’s death ... the defendant’s withdrawal of the $14,980.00 prior to Gaston R Dufault’s death did not constitute the tort of conversion.” (Draft Report, p. 2).
Plaintiff seeks reversal of the court’s granting of defendant’s motion to dismiss, which was treated as a motion for summary judgment, on the grounds that the pleadings and affidavits before the trial court established a genuine issue of material fact regarding the alleged conversion.
This matter concerns two bank accounts owned by Gaston R Dufault, the father of the plaintiff and defendant. One account was held at the Winchendon Savings Bank (hereinafter referred to as “Account A”), in the name of “Gaston R Dufault and Eleanor J. Dufault, payable to either or survivor.” Eleanor J. Dufault is the wife of the defendant. The second account was held at the Colonial Cooperative Bank (hereinafter referred to as “Account B”) in the name of “Gaston R Dufault and George L. Dufault,” who as previously mentioned, is the plaintiff.
Plaintiff alleges that five days prior to Gaston Dufault's death and while Gaston Dufaultwas apatientatUniversity of Massachusetts Hospital, the defendant withdrew $14,980.00 from Account B and deposited said amount in Account A Upon the death of Gaston Dufault, the $14,980.00 remained in the name of Eleanor J. Dufault, defendant’s wife.
It is awell established principle that “a complaint should not be dismissed for failure to state aclaim unless it appears beyond doubtthatthe plaintiff can proveno set offacts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96 (1977).
For summary judgment to be allowed, the moving party must demonstrate that there is no genuine issue of material fact on every relevant issue raised by the pleadings. Attorney General v. Baily, 386 Mass. 367.
The “Affidavit of George L. Dufault in opposition to defendant’s Motion to Dismiss” provides, in part...
2. On May 10, 1988, the date upon which the withdrawal was made, my father, Gaston R Dufault, was a patient at the University of Massachusetts Medical Center in Worcester. It is my recollection that on said date he was *55 in a coma; and in any event, would have been incapacitated to the point where he was not able to appear at the Colonial Cooperative Bank to withdraw any funds.
In his answer filed with the court defendant states, in part...
6. Defendant admits $14,980.00 was withdrawn from Colonial Cooperative account, but denies that did so without, the permission of Gaston R Dufault (emphasis added).
7.Defendant admits he deposited $14,980.00 to the Winchendon Savings Bank Account, but did so atthe request of Gaston R. Dufault (emphasis added).
The affidavit of George Dufault indicates that Gaston Dufault was incapacitated or comatose on or about May 10,1988, yet defendant’s actions on or about May 10,1988 are alleged in the Answer to have been done atthe request of Gaston Dufault. Clearly, there is a genuine issue of material fact on a relevant issue.
Accordingly, the granting of the defendant’s motion to dismiss, treated as a motion for summary judgment, should be reversed and remanded to the trial court for a hearing on the merits.
The second issue is whether the defendant’s withdrawal of $14,980.00 from Account B prior to Gaston Dufault’s death constituted the tort of conversion. Case law defines conversion as follows:
One who intentionally and wrongfully exercises acts of ownership, control or dominion over personal property to which he has no right of possession at the time is liable for the tort of conversion. Spooner v. Manchester, 133 Mass. 270.
In considering the requirements of standing, the court has held that in an action of conversion the plaintiff need only have "... property interest in the converted property...” regardless of whether or not be had a possession right. Lauria v. DeCarolis Construction Co., Inc., 372 Mass. 688 (1977).
The defendant argues that the plaintiff did not have actual possession or an immediate right to possession of the funds alleged to have been converted as the alleged conversion occurred 5 days prior to Gaston Dufault’s death. If the withdrawal of the funds was done without the permission of Gaston Dufault, then the withdrawal interfered with the plaintiff s future right of possession. The plaintiff has standing to bring an action for the tort of conversion.
The granting of the defendant’s motion to dismiss, which was treated as a motion for summary judgment, is reversed and the matter is remanded to the trial court for hearing.